**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| AMERICAN MORTGAGE CONSULTANTS, INC., an Illinois Corporation, | ) ) ) ) ) ) |  |
|  | ) | 07 C 7055 |
| Plaintiff | ) ) |  |
| v. | ) ) | **Hon. William J. Hibbler** |
| OPUS CAPITAL MARKETS CONSULTANTS, LLC, VERO SOLUTIONS, INC., JOSEPH ANDREA JENNIFER LABUD AND ANTHONY GUIDICI. | ) ) ) ) ) | Magistrate Michael T. Mason |
| Defendants. | ) ) ) ) |  |

## DEFENDANTS' MOTION TO DISMISS

NOW COME the Defendants, Opus Capital Markets Consultants, LLC ("Opus"), Vero

Solutions, Inc. ("Vero"), Joseph C. Andrea ("Mr. Andrea"), Jennifer LaBud ("Ms. LaBud"), and

Anthony Guidici ("Mr. Guidici") (collectively, "Defendants"), by and through their attorneys,

Joseph L. Kish and Trisha M. Cole, for their Motion to Dismiss American Mortgage Consultants,

Inc.'s ("AMC") Complaint for Copyright Infringement ("Complaint") pursuant to Federal Rules

of Civil Procedure 12(b)(1) and 12(b)(6), state as follows:

### INTRODUCTION

This Court lacks jurisdiction to determine this matter because Plaintiff does not have a

copyright on which to base any of its claims for infringement. The mere filing of an application

for registration of a copyright, under the circumstances presented in this case, is insufficient.

Moreover, Defendants Opus, Mr. Andrea and Ms. LaBud are not proper parties based on the allegations contained in Plaintiff's Complaint. Opus, Mr. Andrea and Ms. LaBud could not have been direct infringers and there are no allegations in the Complaint that suggest they are named as contributory or vicarious infringers.

Defendants Motion should be granted.

## ARGUMENT

### A.    This Court Lacks Jurisdiction Over Plaintiff's Copyright Claims

When deciding a motion to dismiss based upon Federal Rule of Civil Procedure 12(b)(1), the complaint is construed liberally but the Court is not bound to accept as true allegations of jurisdiction where a party properly raises factual questions as to the existence of subject matter jurisdiction. *Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir. 1995). The Court may look beyond the jurisdictional allegations to examine any evidence submitted to determine if subject matter jurisdiction exists. *Roman v. U.S. Postal Service,* 821 F.2d 382, 385 (7th Cir.1987).

### 1.   Plaintiff is not a legal or beneficial owner of a copyright.

Section 501(b) of the Copyright Act is clear in limiting the right to bring an action for infringement to the legal or beneficial owners of an exclusive right under a copyright. *See* 17 U.S.C. §501(b). Here, Plaintiff is neither a legal nor a beneficial owner of a copyright.

Plaintiff's Complaint alleges that by virtue of an agreement dated June 18, 2003, Mr. Guidici and Vero were to reverse-engineer portions of "TIGRE I" to aid in Plaintiff's development of "TIGRE II".[1] (See Complaint at ¶40.) Plaintiff's Complaint then alleges that on February 8, 2007 in litigation currently pending in the Circuit Court of Lake County, Case No. 05 CH 525, consolidated with Case No. 05 MR 0662, the Court ordered that Defendants Mr.

---

[1] "TIGRE I", "TIGRE II" and "TIGRE Web-Enabled" are all terms Plaintiff contends were used colloquially within AMC. Defendants dispute this but adopt the use of these terms here merely for the Court's ease of reference.

Guidici and Vero had assigned all copyrights in "TIGRE Web-Enabled" to Plaintiff as a result of the June 18, 2003 agreement. (See Complaint at ¶45, referencing the February 8, 2007 Order, attached to Plaintiff's Complaint as Exhibit B.)[2]  On the bases of the Circuit Court's February 8, 2007 Order and the June 18, 2003 agreement, Plaintiff concludes, albeit in a conclusory and logically gapped manner, that it has always owned all rights, title and interest in "TIGRE Web-Enabled, U.S Copyright Registration No. TX 6-083-227. " There is no such registration, as Plaintiff well knows and, through deceptive pleading, seeks to avoid.

U.S Copyright Registration No. TX 6-083-227 currently belongs to Vero and has been effective since December 14, 2004. (See Complaint, ¶43 and the Complaint's referenced Exhibit A.) Neither Plaintiff, nor anyone else, ever challenged Vero's copyright with the U.S Copyright Office or through an infringement suit.  While the February 8, 2007 Order issued by the Circuit Court of Lake County makes certain findings and requires certain actions be taken as a result, the relevant portions of the February 8, 2007 Order have been stayed by the same Court pending final resolution of the Lake County case. (See March 1, 2007 Order, attached to Defendants' Motion to Dismiss as Exhibit 1.)[3]

Specifically, the March 1, 2007 Order stayed ¶¶ (iv), (v) and (vii) of the Circuit Court's February 8, 2007 Order requiring Vero to memorialize any assignment of copyrights to Plaintiff or return to Plaintiff any work product subject to the June 18, 2003 agreement.  The Circuit Court's February 8, 2007 Order is interlocutory and subject to change or modification up to and until the Circuit Court issues its final judgment in the Lake County case.  Then, the Circuit

---

[2] This Order makes no mention of "TIGRE Web-Enabled", which appears to be a product of the copyright application filed by Plaintiff on December 14, 2007, attached to Plaintiff's Complaint as Exhibit C.

[3] Reference to the March 1, 2007 Order from the Circuit Court of Lake County is proper for consideration on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. See *Roman v. U.S. Postal Service,* 821 F.2d 382, 385 (7th Cir.1987).

Court's February 8, 2007 Order, to the extent it is reduced as part of the Circuit Court's judgment, is subject to appeal. Thus, Plaintiff cannot claim it is either a legal or beneficial owner of U.S Copyright Registration No. TX 6-083-227 until there has been a final judgment in Plaintiff's favor for which no further appeal lies. Plaintiff, by calling U.S. Copyright Registration No. TX 6-083-227 "TIGRE Web-Enabled", as Plaintiff does in ¶46 of the Complaint, doesn't make it so. U.S. Copyright Registration No. TX 6-083-227 remains Vero's copyright and until there is a final determination of the Circuit Court's February 8, 2007 Order in Plaintiff's favor, the registration number remains applicable only to software called "LRMCS" belonging to Vero.

Plaintiff's Complaint makes clear that it is attempting to redress alleged infringement on a copyright that is currently owned by someone else – Vero, and that Plaintiff's recently filed application for "TIGRE Web-Enabled" is essentially seeking to copyright computer code that Plaintiff has alleged throughout the Circuit Court case is that same as "LRMCS". How then, can Plaintiff seek a copyright on something for which the U.S. Copyright Office has already issued a copyright to someone else? It cannot.

### 2.    Plaintiff's December 2007 copyright application is an improper basis on which to maintain an action for copyright infringement.

Section 411(a) of the Copyright Act requires a plaintiff to possess the copyright registration certificate before filing an action for infringement. The Copyright Act 17 U.S.C. §411(a). This Circuit has decided that under certain circumstances, a party may move forward with its claim of copyright infringement even if the party has only completed an application for copyright registration with the Copyright Office. *See e.g. Chicago Board of Education v. Substance Inc.*, 354 F. 3d 624 (7th Cir. 2003). Those circumstances do not exist here.

The peculiar scenario Plaintiff creates here distinguishes this case from those relying on The Seventh Circuit's opinion in *Chicago Board of Education v. Substance Inc.*, 354 F. 3d 624 (7th Cir. 2003), and other district court cases such as *Goss International Americas, Inc. v. A-American Machine & Assembly Co.*, Slip Copy 2007 WL 4294744, 2007 U.S. Dist. LEXIS 88382 (N.D. Ill.) and *Prominent Consulting LLC v. Allen Brothers, Inc.*, Slip Copy 2008 WL 373217, 2008 U.S. Dist. LEXIS 10367 (N.D. Ill). In all of these cases, the Plaintiffs filed applications with the U.S. Copyright Office, and a determination of whether the applications would result in registrations or be refused was assumed. Here, conversely, Plaintiff's December 10, 2007 application is based on a false premise, namely Plaintiff's notion that the Circuit Court's interim February 8, 2007 Order, pertaining to the contractual rights of Vero on the one hand, and Plaintiff's on the other under the June 18, 2003 agreement is final and binding on all parties such that the rights to which Plaintiff now lays claim in the December 10, 2007 application were legally assigned to Plaintiff. Without this assignment, Plaintiff has no right to register "TIGRE Web-Enabled", and no need since it is allegedly the same as Vero's "LRMCS" software program. If, and when, there is a final determination of the assignment ordered by the Lake County Circuit Court, then, and only then, will Plaintiff have any argument that the assignment ordered by the Circuit Court provides a basis on which to file an application for copyright protection.

In order to have a viable claim for copyright infringement, Plaintiff must own a valid copyright (See *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361, 111S.Ct. 1282, 113 L.Ed. 2d 358 (1991)) or alternatively a plaintiff's registration application must have been refused by the U.S. Copyright Office (See 17 U.S.C. § 411(a)). Neither the cases from this Circuit nor anything in the language of the Copyright Act suggests, however, that

- 5 -

where, as here, there is already a copyright in place (Vero's U.S. Copyright Registration No. TX 6-083-227) and an interlocutory order of assignment to Plaintiff, on which Plaintiff's copyright application is premised, remains an open question for another court's determination, Plaintiff would be allowed to file an infringement suit against any of the Defendants because the federal court then has subject matter jurisdiction over the dispute. It makes no sense why it would.

Plaintiff might be expected to argue that the case here is no different than *Chicago Board of Education* and its progeny cited above, because once the U.S. Copyright Office is alerted to the fact that the assignment on which "TIGRE Web-Enabled" is the result of an interlocutory order, it will refuse the copyright and thus this Court can assume subject matter jurisdiction pursuant to 17 U.S.C. § 411(a). Such an argument misses the more important point: This Court is being asked to assume subject matter jurisdiction over a copyright infringement claim by a party that applied for a copyright on the same works previously copyrighted by Vero three years ago (Plaintiff), against one set of Defendants that currently own the copyright (Vero and Guidici) and another set of Defendants with whom the owners of the copyright have no dispute (Opus, Andrea and LaBud). Vero is the legal owner and beneficial interest holder of the allegedly infringed copyright – not Plaintiff.

### 3. Plaintiff's lawsuit seeks to improperly enforce the Circuit Court's interlocutory Order.

Finally, the fact that this case represents nothing more than Plaintiff's end-around attempt to enforce the contractual assignment the Lake Count Circuit Court ordered, and then stayed, points to the nominal nature of the federal copyright claims. What is really at issue between the parties are the state contract claims that are being litigated in the Lake County case (which also includes claims for violation of the Illinois Trade Secrets Act, breach of fiduciary duty, defamation and a host of counterclaims). The copyright claims here, brought years after the June

18, 2003 agreement became the subject of a dispute and resulted in the Lake County case being filed in early 2005 is, at its core, about the rights of the parties under this agreement.

Plaintiff's eleventh hour attempt to invoke federal jurisdiction for this contract should not be sanctioned by this Court. (See *International Armor & Limousine Co. v. Maloney Coachbuilders, Inc.*, 272 F.3d 912 (7th Cir. 2001)). This is particularly so given the issues Plaintiff created in the Circuit Court pertaining to the assignment of the agreement are currently being adjudicated and Plaintiff currently owns no legal or beneficial rights on which it can apply for copyright protection – particularly on computer code previously copyrighted by Vero.

For all of these reasons this Court lacks subject matter jurisdiction over Plaintiff's claims. This case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## B.    Opus, Mr. Andrea And Ms. LaBud Are Improperly Named As Defendants

A motion to dismiss under Rule 12(b)(6) is proper and should be granted where the plaintiff can prove no set of facts, consistent with the allegations as set forth in the pleadings, that will entitle him or her to relief. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Ntron International Sales Co. v. Carroll*, 714 F.Supp. 335, 336 (N.D.Ill. 1989).

While federal courts apply a liberal pleading standard, Plaintiff must still allege facts that satisfy each element required for recovery under some actionable legal theory. *See Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996) (federal pleading requirement is not "toothless tiger"), quoting *Dartmouth Review ex rel. Its Officers, Staff & Subscribers v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989); *Cooperman v. Individual Inc.*, 171 F.3d 43, 47 (1st Cir. 1999). The court will not accept as true the pleader's bald assertions and legal conclusions, and neither will the court draw unwarranted inferences to aid the pleader. *Northern Trust Co. v. Peters*, 69

F.3d 123, 129 (7th Cir. 1995); *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"), quoting *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993).

### 1.  The Complaint Is Devoid Of Any Allegations Of Direct Infringement

It is entirely unclear the basis on which Plaintiff seeks to hold Defendants Opus, Mr. Andrea and Ms. LaBud liable, separate and apart from Mr. Guidici and Vero, for copyright infringement on either of the Counts asserted against them.  Plaintiff's Complaint is devoid of any allegations establishing direct, vicarious or contributory infringement on their part and they should be dismissed from this case.

The allegations of Plaintiff's Complaint lack any suggestion of direct infringement on the part of Opus, Mr. Andrea or Ms. LaBud.  Plaintiff never alleges, beyond a bald conclusory statement, that Mr. Andrea, Ms. LaBud or Opus, performed any unauthorized copying or other reproductions.

Moreover, Plaintiff's bald assertions are directly refuted by the very documents it incorporates into the Complaint.  Plaintiff alleges that Opus infringed Plaintiff's copyright when it entered into a licensing agreement with Vero on February 20, 2005.  At that time, according to the Complaint and its referenced Exhibit A, only Vero owned the copyright on LRMCS and licensed LRMCS to Defendant Opus.  Plaintiff did not apply for a copyright until December of 2007 and the effective date of the "TIGRE Web Enabled" copyright was no earlier than December 10, 2007.[4]

---

[4] This conclusion assumes that the TIGRE Web-Enabled copyright application was filed "in proper form" per 17 U.S.C. §411(a), which is highly unlikely given that Vero at that time already owned a copyright on the same code.

Plaintiff alleges that at the time of the license from Vero to Opus, "all Defendants knew that AMC was the rightful owner of all right, title and interest in and to TIGRE Web-Enabled, U.S Copyright Registration No. TX 6-083-277, and had not granted any of the Defendants any right to make use of or employ TIGRE Web-Enabled." (See Complaint, ¶63, pertaining to Count I, and ¶70, pertaining to Count II.) While when considering a motion to dismiss under Rule 12(b)(6) the Court is required to consider all well pled facts as true, it is not required to assume inconsistencies in Plaintiff's pleadings are well pled nor fill in deficiency to round out Plaintiff's allegations.

Here, the deficiencies in Plaintiff's Complaint are no mere trivialities. They include the fact that both ¶¶ 63 and 70 assume a copyright that does not exist, namely "TIGRE Web-Enabled, U.S Copyright Registration No. TX 6-083-277", that this was not what the subject of the 2005 licensing agreement between Opus and Vero, nor could it be, and that Plaintiff recently filed for copyright protection on something that is already copyrighted by Vero. There is even less alleged against Mr. Andrea and Ms. LaBud that would support a claim under either of the Counts in the Complaint, in fact nothing, other than to tack their names to the flawed allegations asserted against Opus.

### 2. Opus, Mr. Andrea And Ms. LaBud Cannot Be Contributory Infringers

Plaintiff fails to allege the proper prima facie elements for a claim of contributory infringement against Mr. Andrea, Ms. LaBud or Opus. A defendant cannot be held liable for contributory infringement unless the defendant had knowledge of and contributes to the infringing activity when the infringing activity occurs. *Monotype Imaging, Inc. v. Bitstream, Inc.* 376 F.Supp.2d 877, 883 (N.D. Ill. 2005) (holding that contributory infringement requires the plaintiff to show that the defendant(s) "induce, cause or materially contribute to the infringing

conduct of another.") *Id.* at 883. Plaintiff's Complaint does not contain any meaningful, non-conclusory allegations that Mr. Andrea, Ms. LaBud, and Opus either knew of Mr. Guidici and Vero's alleged infringement when the infringing activity occurred, or that each Mr. Andrea, Ms. LaBud, and Opus individually participated in and materially contributed to the alleged infringement. In light of Vero maintaining U.S Copyright Registration No. TX 6-083-277 for LRMCS, it is impossible to see how contributory infringement could ever be properly alleged.

### 3. There Are No Allegations Of Vicarious Liability

Plaintiff's Complaint does not allege facts that could support a finding of vicarious liability on the part of Mr. Andrea, Ms. LaBud or Opus. A defendant can be held liable for vicarious copyright infringement only where he or she has a financial interest in the activity causing the infringement as well as supervisory right and opportunity over the action causing the infringement. *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1022-1023 (9th Cir. 2001). Plaintiff's Complaint is devoid of any such allegations. It fails to allege that Mr. Andrea, Ms. LaBud or Opus individually, or separately, had a supervisory right and/or opportunity over any action resulting in the alleged infringement.

For all of these reasons Opus, Mr. Andrea and Ms. LaBud should be dismissed from this action even if the Court determines it otherwise has subject matter jurisdiction offer the copyright claims Plaintiff asserts in the Complaint.

### CONCLUSION

This Court lacks subject matter jurisdiction over any of the claims Plaintiff brings or the relief it seeks. Defendants Opus, Mr. Andrea and Ms. LaBud are improper parties in any event

and should be dismissed even if this Court finds that it has subject matter jurisdiction over the

claims asserted against Vero and Mr. Guidici.

Respectfully submitted,

OPUS CAPITAL MARKETS CONSULTANTS,
ET AL.

By:    /s/ Joseph L. Kish        
            One of Their Attorneys

Joseph L. Kish (6197916)
Trisha M. Cole (6289247)
Synergy Law Group, L.L.C.
730 West Randolph, 6th Floor
Chicago, Illinois  60661
Telephone:  (312) 454-0015
Facsimile:  (312) 454-0261

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Defendants' Motion to Dismiss was served upon the attorneys listed below electronically through CM/ECF on February 19, 2008.

Trisha M. Cole     tcole@synergylawgroup.com, nmcdonald@synergylawgroup.com

Anthony S. Hind     ahind@ramsdell-law.com, jreno@ramsdell-law.com

Joseph L Kish     jkish@synergylawgroup.com, nmcdonald@synergylawgroup.com

And I hereby certify that I have mailed by the United States Postal Service the document to the following non CM/ECF participants:

Thomas J. Ramsdell
Thomas J. Ramsdell & Associates
One East Wacker Drive, Suite 2020
Chicago, Illinois  60601

                         /s/    Joseph L. Kish
                              One of Their Attorneys


Joseph L. Kish (6197916)
Trisha M. Cole (6289247)
Synergy Law Group, L.L.C.
730 West Randolph, 6th Floor
Chicago, Illinois  60661
Telephone:  (312) 454-0015
Facsimile:  (312) 454-0261

# EXHIBIT

# 1

STATE OF ILLINOIS )
                 } ss
COUNTY OF LAKE )

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

_American Mortgage_
_Consultants, Inc._ )
)
vs. )
)
_Opus Capital Markets_ )
_Consultants, ET. Al._ )

*FILED*
*MAR 1 - 2007*
*CIRCUIT CLERK*

Gen. No. _05 CH 525_
*consolidated with 05 MR 662*

## ORDER

THIS MATTER COMING BEFORE THE COURT ON OPUS'
MOTION FOR STAY OF ENFORCEMENT OF ORDER, MOTION FOR
PRETRIAL CONFERENCE FOR PURPOSES OF SETTLEMENT, AND
MOTION FOR SUMMARY JUDGMENT, AND ON AMC'S MOTION
FOR SUMMARY JUDGMENT AND FOR LEAVE TO EXTEND DISCOVERY
FOR DEPOSITION, THE PARTIES BEING REPRESENTED BY COUNSEL,
AND THE COURT BEING FULLY APPRISED IN THE PREMISES,
IT IS HEREBY ORDERED:

1. OPUS' MOTION TO STAY ENFORCEMENT OF ORDER DATED
FEBRUARY 8, 2007, IS GRANTED WITH RESPECT TO PARAGRAPHS
(IV) AND (VII) OF THE ORDER WITH NO EFFECT AS TO THE ORDER
OR DECLARATION OF RIGHTS THEREIN.         REST OF THE
2. THE CASE IS SET FOR PRE-TRIAL SETTLEMENT CONFERENCE ON MARCH 14, 200,
3. THE PARTIES SHALL RESPOND TO SUMMARY JUDGMENT
MOTIONS BY MARCH 22, 2007 AND SHALL SERVE REPLIES BY APRIL 5, 2007,
WITH THE SUMMARY JUDGMENT MOTIONS BEING HEARD
ON APRIL 12, 2007 AT 9:15 IN ROOM 304.
4. AMC HAS LEAVE OF COURT TO DEPOSE LORI DINKHELLER BY APRIL 10, 2-007.
5. HEARING ON OPUS' MOTIONS ON MARCH 15, 2007 IS STRICKEN.

Dated at Waukegan, Illinois this
_15_ day of _March_, 20_07_.

ENTER:

MARGARET J. MULLEN

Judge

ORDER PREPARED BY: _Eric Malmud   Attorney of AMC_
(Please Print Name and Address)
_222 South Wacker Drive_
_Chicago, IL 60606_

171-94 rev 1/00