**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN MORTGAGE CONSULTANTS, INC., an Illinois Corporation, | ) ) ) ) | **07 C 7055** |
| Plaintiff | ) ) | |
| v. | ) ) | **Hon. William J. Hibbler** |
| OPUS CAPITAL MARKETS CONSULTANTS, LLC, VERO SOLUTIONS, INC., JOSEPH ANDREA JENNIFER LABUD AND ANTHONY GUIDICI. | ) ) ) ) ) ) | **Magistrate Michael T. Mason** |
| Defendants. | ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

NOW COME the Defendants, Opus Capital Markets Consultants, LLC ("Opus"), Vero Solutions, Inc. ("Vero"), Joseph C. Andrea ("Mr. Andrea"), Jennifer LaBud ("Ms. LaBud"), and Anthony Guidici ("Mr. Guidici") (collectively, "Defendants"), by and through their attorneys, and for their Reply in Support of Their Motion to Dismiss Plaintiff's Complaint for copyright infringement (the "Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), state as follows:

**INTRODUCTION**

Plaintiff's Opposition to Defendants' Motion to Dismiss (the "Opposition"), like Plaintiff's Complaint, tortures the facts in this case to the point of rendering Plaintiff's claims for copyright infringement nonsensical and inherently contradictory. Neither Plaintiff's Complaint nor its Opposition, however, can hide the fact that the relief Plaintiff seeks is impossible because Plaintiff does not have an ownership interest on which this copyright infringement suit can be

based. Defendants' Motion should be granted and Plaintiff's Complaint should be dismissed in its entirety.

## RELEVANT FACTUAL BACKGROUND

This lawsuit is the third one filed by Plaintiff against these Defendants. The first, filed in 2005 in the Circuit Court of Lake County (Case No. 05 CH 525 (the "ITSA Lawsuit")) asserted claims for breach of fiduciary duty, violation of the Illinois Trade Secrets Act, unjust enrichment and defamation *per se* as to Mr. Andrea, Ms. LaBud and Opus, and declaratory judgment, specific performance, and violation of the Illinois Trade Secrets Act as to Mr. Guidici and Vero. Mr. Guidici and Vero counterclaimed for declaratory judgment, specific performance, violation of the Illinois Trade Secrets Act, tortious interference with contract, and copyright infringement. The specific performance and declaratory relief claims involved the proposal between Vero and Plaintiff entered into on June 18, 2003 (the "Proposal", a copy of which is attached to Plaintiff's Opposition as Exhibit C). The second, filed in the Northern District of Illinois (Case No. 07 C 7055 (the "CFAA Lawsuit")) asserts a violation of the Computer Fraud and Abuse Act, 18 U.S.C. 1030. Both of these cases remain pending: The ITSA Lawsuit goes to trial on July 21, 2008, while the CFAA Lawsuit has been stayed pending the outcome of the ITSA Lawsuit.

At the heart of this lawsuit is a copyright registration filed by Vero and Mr. Guidici on December 14, 2004 for "Loan Review and Mortgage Compliance System" or "LRMCS", registration number TX-6-083-227, which is attached to Plaintiff's Complaint as Exhibit A. In the ITSA Lawsuit Plaintiff argued that, pursuant to the Proposal, Mr. Guidici and Vero assigned their rights in LRMCS to Plaintiff. On February 8, 2007 the Circuit Court granted Plaintiff's motion for summary judgment and entered an order (the "Order") finding that Mr. Guidici and Vero assigned their rights in LRMCS to Plaintiff pursuant to the Proposal. (See Exhibit B to Plaintiff's Complaint.)

On March 1, 2007, the Circuit Court stayed the enforcement of the Order. (See Exhibit 1 to Defendants' Motion to Dismiss). Plaintiff does not disagree. It merely responds that the stay is limited to the ITSA Lawsuit. (See Plaintiff's Opposition at pg. 8). Plaintiff concludes, with neither analysis nor application to this case, why this stay has no effect here. Not only does it apply to Plaintiff's attempt to state copyright infringement claims but it is the only explanation for Plaintiff's attempt, as made clear by its Complaint, to copyright something it claims it already owns and was copyrighted. The Order is interlocutory, its effects stayed until the ITSA Lawsuit is adjudicated to finality. Until then, and only upon the Circuit Court's Order remaining in effect through the process of appeal and Vero and Mr. Guidici's compliance with the terms of the Order, which includes signing over the rights to LRMCS, Plaintiff has no basis to claim infringement on a copyright. Plaintiff does not have a viable copyright infringement claim presently and this case should be dismissed.

## ARGUMENT

### I.   This Court Should Not Accept Plaintiff's Poorly Pled Facts

While this Court must accept as true all well-pled allegations of a complaint, it need not accept those that are not. This Court need not accept facts which are not true, those facts which are legally impossible, or facts inadmissible in evidence, nor facts which appear by a record or document included in the pleading to be unfounded. *See e.g. Gibbs v. Buck,* 307 U.S. 66, 68 (1939); *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 617 (N.D. Ill. 2007) (recognizing that a motion to dismiss should be granted if it is apparent from the face of the complaint that under no plausible facts may relief be granted); *Bucciarelli-Tieger v. Victory Records, Inc.,* 488 F. Supp. 2d 702, 707 (N.D. Ill. 2007) (finding that a court is "not obligated to accept as true plaintiff's legal conclusions for unsupported conclusions of fact"). Here, Plaintiff's Complaint and the Counts of infringement rely on allegations containing facts that are

impossible and unsupportable. As detailed below, this Court should dismiss Plaintiff's Complaint because the infringement claims are, at best, premature as evidenced by Plaintiff's poorly pled allegations of ownership.

Plaintiff relies on two contradictory allegations to support its notion that it has an ownership interest to support this copyright infringement action. On the one hand, ¶46 of Plaintiff's Complaint alleges: "Thus, by operation of both the circuit court's order and the parties' June 2003 agreement, AMC owns, and always has owned, without limitation, all right, title and interest in and to *TIGRE Web-Enabled,* U.S. Copyright Registration No. TX 6-083-227) (emphasis added to Plaintiff's intentional misnomer given that this registration number belongs to LRMCS); *see also Bucciarelli-Tieger v. Victory Records, Inc.,* 488 F. Supp. 2d 702, 707 (N.D. Ill. 2007) (acknowledging that when a "as a general principle, when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations"). On the other hand, ¶47 of Plaintiff's Complaint alleges: "On December 10, 2007, AMC also registered TIGRE Web-Enabled in accordance with the Copyright Act by submitting the appropriate and sufficient deposit materials, an application for copyright registration, and all other required materials with the Register of Copyrights."

Although self-contradictory, both paragraphs 46 and 47, purporting to provide Plaintiff with an ownership interest in "TIGRE Web Enabled" or "TIGRE II", rely on the erroneous conclusion that Mr. Guidici and Vero assigned their rights in LRMCS to Plaintiff. The Complaint, along with the Circuit Court's orders of February 1, 2007 and March 1, 2007, make clear, however, that no operative assignment supporting either of Plaintiff's ownership theories can take place until there is a final determination in the ITSA Lawsuit. Then, and only then, will

there be an assignment of rights on which Plaintiff's ownership interest can support a claim for copyright infringement.

Plaintiff states in its Opposition that "[t]o establish a claim for copyright infringement, a claimant must *allege* (a) ownership of a valid copyright and (b) copying of original constituent elements of the work." (Emphasis added). Plaintiff's reliance on *Marobie-FL, Inc. v. Nat'l Ass'n of Fire Equipment Distributors and Northwest Nexus, Inc.,* is misplaced since this case holds that "plaintiff must *demonstrate* (1) ownership of a valid copyright …" 983 F.Supp. 1167, 1172 (N.D. Ill. 1997) (emphasis added). Plaintiff's mischaracterization of the elements of copyright infringement impermissibly allows Plaintiff to conclude it can survive Defendants' Motion to Dismiss simply because Plaintiff *alleges* it to be so under the relaxed notice pleading requirements of Fed. R. Civ. P. 8. The Court does not have to accept Plaintiff's conclusory allegations of ownership in light of the requirement of *Marjorie-FL, Inc.* that Plaintiff demonstrate, not just allege, ownership of a valid copyright. *See First Nat'l Bank of Chicago v. Steinbrink,* 812 F. Supp. 849, 852 (N.D. Ill. 1993) (quoting *Grafton Corp. v. Hauserman,* 602 F.2d 781, 783 (7th Cir. 1979) for the proposition that "[t]he Court is not bound to accept as true allegations of the complaint which tend to establish jurisdiction where a party properly raises a factual question concerning the jurisdiction of the district court to proceed with the action"). Here, Plaintiff's Complaint demonstrates just the opposite, that presently Plaintiff does not own a valid copyright.

Plaintiff dismisses out of hand Defendants' criticisms of Plaintiff's interchangeable use of "TIGRE II", "TIGRE Web-Enabled" and "LRMCS" as a "red herring quibble" but this "quibble" goes to the heart of the deficiencies contained in Plaintiff's Complaint. Plaintiff has taken it upon itself to change the actual wording of copyright registrations and material

agreements to bolster its otherwise unsupportable position that it has an ownership interest in software on which it now attempts to claim copyright infringement. As made clear in Defendants' Motion to Dismiss, Plaintiff's shell game with what the software is called cannot serve to demonstrate Plaintiff's ownership interest in the software on which this copyright infringement action is based

## II.     Plaintiff's Alleged "Ownership Interest" Is Impossible Because The Underlying Assignment On Which It Is Based Remains In Dispute.

Plaintiff's Complaint should be dismissed because the alleged copyright infringement relies on what remains a disputed contractual assignment. A motion to dismiss should be granted where the plaintiff attempts to use a copyright infringement case to resolve an underlying contract dispute. *See Malinowski v. Playboy Enterprises, Inc.,* 709 F. Supp. 611, 615-616 (N.D. Ill. 1989) (citing *Royal v. Leading Edge Products, Inc.,* 833 F.2d 1 (1st Cir. 1987) for the proposition that "courts have not been reluctant to dismiss for jurisdictional reasons cases masquerading as copyright infringements that are actually [not infringement] cases"). Plaintiff alleges in its Complaint and its Opposition that Plaintiff holds an ownership interest because of the Order which Plaintiff argues assigned to "AMC all copyright and other rights, title and interest in and to TIGRE Web-Enabled." (See Plaintiff's Complaint ¶¶ 40, 45 and Plaintiff's Opposition pgs 6-7). The Order and specifically the contractual dispute over whether or not the Proposal resulted in Mr. Guidici and Vero assigning their ownership rights in LRMCS to Plaintiff, has been the subject of ongoing litigation since 2005 and this litigation and this issue are still pending final judgment.

As in the *Malinowski* and *Royal* cases, here Plaintiff is improperly using the federal court, and the guise of a copyright infringement, to resolve a basic contractual dispute. The *Malinowski* and *Royal* courts refused to allow such attempts stating that:

> "In order to gain access to a federal forum, a litigant must allege particulars which raise some substantial federal issue. This meager helping of facts served up by this plaintiff do not meet the standards for such a bill of fare. Though 'that which we call a rose by any other name would smell as sweet,' W. Shakespeare, *Romeo and Juliet* (1595), we must parse causes of action as they are, not as the pleader might fondly wish they were. The jurisdiction of the federal district courts cannot be manipulated by the simple expedient of creative labeling. Accordingly, we decline appellant's invitation to dance at the masquerade ball. We will not assume jurisdiction over what is essentially a garden-variety contract dispute, notwithstanding [plaintiff's] heroic efforts to costume it in the guise of a copyright action."

*Malinowski* at 616 quoting *Royal v. Leading Edge Products, Inc.,* 833 F.2d at 5 (1st Cir. 1987).

Here, the Circuit Court is currently adjudicating the "garden variety contract dispute" over the Proposal. This Court should thus decline Plaintiff's "invitation to dance at the masquerade ball" and refuse to allow the underlying disputed Proposal to provide Plaintiff with present, unfettered ownership rights sufficient to maintain the current infringement suit.

### III. Plaintiff's Alleged "Ownership Interest" Is Impossible Because the February 8 Order Is Interlocutory And Its Enforcement Has Been Stayed.

Plaintiff's contention that the Order "confirming" Plaintiff's ownership rights in LRMCS gives Plaintiff a sufficient ownership interest to maintain this current action is absurd. (See Plaintiff's Opposition on pg. 7). The Circuit Court's Order is interlocutory, subject to refinement and even outright reversal by the trial judge before a final judgment in the Circuit Court is rendered. It is then subject to appeal as a matter of right. At any of these stages, Plaintiff's ability to claim ownership on which a copyright infringement claim might change dramatically In the event the appellate court agrees with Defendants, Plaintiff's purported ownership interest on which this case relies would disappear.

Additionally, the Circuit Court's March 1, 2007 order stayed the enforcement of the terms of the Order. The Order makes clear that certain actions must be taken before Plaintiff becomes the owner of the copyright interest in LRMCS. (See Exhibit B to Plaintiff's Complaint,

- 7 -

stating in section (iv) that "Defendants Anthony Guidici and Vero Solutions, Inc. are to specifically comply with the [Proposal] by executing any and all documents necessary or requested by AMC to *memorialize and perfect* the assignment to AMC of all copyright and other rights [in LRMCS/TIGRE II] … including execution of an assignment of U.S. Copyright Registration No. TX 6-083-227 (LRMCS's copyright registration) (emphasis added)). Because specific actions are required to perfect the assignment of Mr. Guidici and Vero's ownership interest in the LRMCS copyright, and these actions have been explicitly stayed by the Circuit Court's March 1, 2007 order, it is impossible for Plaintiff to currently hold an ownership interest in the LRMCS copyright, no matter how Plaintiff captions it, as Plaintiff alleges in the Complaint.

Plaintiff misstates in its Opposition that the March 1, 2007 order "merely stayed the enforcement of certain terms of the February 8, 2007 order *within the context of the state court lawsuit to prevent delaying resolution of that action by an appeal.*" (See Plaintiff's Opposition pgs 8-9). The Circuit Court made no such finding, either explicitly or implicitly. In truth, the Circuit Court specified quite the opposite. (See March 1, 2007 order stating "[Defendants'] motion to stay enforcement of Order dated February 8, 2007 is granted with respect to paragraphs (iv), (v), and (vii) of the Order with no effect as to the rest of the Order or declaration of rights therein").

The fact of the matter is that the Circuit Court stayed enforcement of the actions that Mr. Guidici and Vero will have to take to memorialize and perfect the assignment of Mr. Guidici and Vero's ownership rights in the LRMCS copyright to Plaintiff, and the entire Order is interlocutory. Thus, Plaintiff's ownership interest based on the Circuit Court's interlocutory

order is, impossible. Plaintiff's Complaint, based on this purported ownership interest, should therefore be dismissed.

### IV. Plaintiff's Alleged "Ownership Interest" Is Impossible Because The December 2007 Registration Also Relies On The Disputed, Interlocutory Assignment.

The Court should reject Plaintiff's backdoor attempt through its December 2007 copyright registration, to litigate a copyright infringement claim before it is proper. Plaintiff concedes that the December 2007 registration is a back up plan in case the Order "confirming" the assignment is overturned by an appellate court. (See Plaintiff's Opposition pgs 7-8 recognizing that "Thus, if the Court were to find there were any flaw or defect in Vero's assignment/transfer of its 2004 registration of TIGRE Web-Enabled [the name on the Registration is LRMCS] to AMC, *such that AMC could not rely on Vero's assignment*, then AMC's 2007 registration provides the necessary proof of AMC's ownership of the rights comprised in the copyright of TIGRE Web-Enabled.) (emphasis added). This statement demonstrates unequivocally that it is not presently the unequivocal owner of the copyright interest in LRMCS. Despite the fact that Plaintiff does not, and possibly never will, obtain ownership interests in LRMCS, Plaintiff attempts to convince the Court that its December 7, 2007 copyright registration of TIGRE Web Enabled is a sufficient basis on which to institute the current infringement suit. It is not.

The December 2007 registration is fatally flawed because it also necessarily relies on the interlocutory Order, pertaining to the disputed Proposal and assignment from Mr. Guidici and Vero to Plaintiff. Plaintiff's December 7, 2007 Copyright Registration No. TXu 1-570-158 for TIGRE Web Enabled (See Exhibit C to Plaintiff's Complaint), included Anthony Guidici as an author. An author included in a copyright application has an ownership interest in that copyright unless the author is a "work for hire" or transferred its ownership interest through an assignment

or other means. (See The Copyright Act of 1976 17 U.S.C. §201(a) stating that copyright ownership "vests initially in the author or authors of the work;" *see also* 17 U.S.C. §101 providing an exception for "works made for hire" in such situations where "the employer or other person for whom the work was prepared is considered to be the author").

Here, the copyright application for TIGRE Web Enabled lists Mr. Guidici as an author but not as a "work for hire." Plaintiff does not, nor can it, allege Mr. Guidici was working under a work for hire arrangement. And as thoroughly set forth above, Plaintiff cannot rely on the existence of any operative assignment that would support Plaintiff's filing of its December 7, 2007 copyright registration. Again, Plaintiff is impermissibly relying on the Circuit Court's interlocutory Order rendered in the ITSA Lawsuit over a year ago. Until there is a final resolution of the assignment dispute Plaintiff does not have a present copyright ownership, as evidenced by the December 7, 2007 registration, necessary to maintain a copyright infringement suit based on either LRMCS or TIGRE Web Enabled.

### V.     Plaintiff Claims Against Opus, Mr. Andrea, and Ms. LaBud Fail.

As with Plaintiff's claim for copyright infringement against Vero and Mr. Guidici, Plaintiff's claims of direct and contributory infringement, and vicarious liability against Opus, Mr. Andrea, and Ms. LaBud also fail because Plaintiff's Complaint demonstrates that the allegations of Plaintiff's ownership in anything on which this copyright infringement lawsuit is based amount to impossibility.

Further, the foundational allegations of liability against Opus, Mr. Andrea, and Ms. LaBud are inconsistent and nonsensical. A motion to dismiss should be granted where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *E.g., Cook v. Winfrey,* 141 F.3d 322, 327 (7th Cir. 1998). Generally a yet to be formed corporate entity cannot enter into contractual agreements. Plaintiff,

however, alleges this exact situation. Plaintiff alleges in paragraph 56 that "[p]rior to their resignation from AMC, on or about February 20, 2005, defendants Vero and Opus executed a licensing agreement for Opus' non-exclusive use of TIGRE Web-enabled, as well as a professional services agreement pursuant to which Vero would develop a software system substantially similar to, and derived from, TIGRE Web-enabled, to be known as 'OpusFirst.'" This allegation is inconsistent with paragraph 55 of Plaintiff's Complaint. (See paragraph 55 alleging that "on or about February 23, 2005, Andrea and LaBud incorporated Defendant Opus"). Given that Opus is a limited liability company that was formed when articles of organization were filed on February 23, 2005 the allegation in ¶55 is incorrect and clearly inconsistent with the allegations of wrongdoing in paragraph 56. Plaintiff's allegations in paragraph 56 are thus impossible in light of the allegations in paragraph 55 given that Opus and Vero could not have executed any agreements on February 20th because Opus was not yet formed on that date. Plaintiff fails to allege any facts to account for this inconsistency.[1]

-
-
-
-
-
-
-

---

[1] Plaintiff's Complaint contains numerous factual allegations like these that are simply false as demonstrated by the discovery obtained in the ITSA Lawsuit.

## VI. Conclusion

Plaintiff's copyright infringement Complaint alleges impossibilities rendering the Complaint irreparably deficient, at least until there is a final determination in the ITSA case before the Lake County Circuit Court. Plaintiff's Complaint should be dismissed in its entirety.

Respectfully submitted,

OPUS CAPITAL MARKETS
CONSULTANTS, ET AL.

By:   /s/ Joseph L. Kish
      One of Their Attorneys

Joseph L. Kish (6197916)
Bartly J. Loethen (6225484)
Trisha M. Cole (6289247)
Synergy Law Group, L.L.C.
730 West Randolph, 6th Floor
Chicago, Illinois 60661
Telephone: (312) 454-0015
Facsimile: (312) 454-0261

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Defendants' Reply in Support of their Motion to Dismiss was served upon the attorneys listed below electronically through CM/ECF on April 3, 2008.

Trisha M. Cole    tcole@synergylawgroup.com, nmcdonald@synergylawgroup.com

Anthony S. Hind    ahind@ramsdell-law.com, jreno@ramsdell-law.com

Joseph L Kish    jkish@synergylawgroup.com, nmcdonald@synergylawgroup.com

Bartly J. Loethen    bart@synergylawgroup.com, nmcdonald@synergylawgroup.com

And I hereby certify that I have mailed by the United States Postal Service the document to the following non CM/ECF participants:

Thomas J. Ramsdell
Thomas J. Ramsdell & Associates
One East Wacker Drive, Suite 2020
Chicago, Illinois  60601


By:    /s/ Joseph L. Kish
            One of Their Attorneys


Joseph L. Kish (6197916)
Bartly J. Loethen (6225484)
Trisha M. Cole (6289247)
Synergy Law Group, L.L.C.
730 West Randolph, 6th Floor
Chicago, Illinois  60661
Telephone:  (312) 454-0015
Facsimile:  (312) 454-0261