# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07-C-7055 | DATE | May 8, 2008 |
| CASE TITLE | American Mortgage Consultants v. Opus Capital Markets Consultants, LLC, et al | | |

**DOCKET ENTRY TEXT:**

Defendants' Motion to Dismiss (doc. # 20) is DENIED. Status hearing set for 5/22/08 at 9:30 a.m.

■ [ For further details see text below.]

*Wm. J. Hibbler*   Docketing to mail notices.

## STATEMENT

American Mortgage Consultants sued Opus Capital Markets Consultants, Vero Solutions, and three individual Defendants, each of whom is connected to one of the corporate defendants, for copyright infringement. According to AMC, it hired Defendant Anthony Guidici and his company Vero to reverse-engineer some of the software it uses in its business to enable remote access to the application. AMC alleges that, despite a contract assigning it the copyright to Guidici's project, Guidici and Vero instead copyrighted the work themselves, changed its name and then sold it to a new competitor, Opus, which had been formed by the other two individual defendants, Joseph Andrea and Jennifer Labud after they left AMC. Defendants move to dismiss.

Defendants first argue that the Court lacks subject matter jurisdiction because AMC cannot establish a valid copyright to the disputed software. Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss an action when it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Sometimes a party challenging the existence of subject matter jurisdiction argues that subject matter jurisdiction is not evident on the face of the Complaint. Under that scenario, a court examines the 12(b)(1) motion as it would any other motion to dismiss, assuming for the purposes of the motion that the allegations in the complaint are true. *United Phosphorous, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If however, the complaint suggests that the court does possess subject matter jurisdiction over the suit and the movant argues that in fact subject matter jurisdiction is lacking, the movant may attach affidavits and other materials to support the motion. *Id.* Then, the court may look beyond the jurisdictional allegations of the complaint to view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1997).

## STATEMENT

Here, Defendants apparently contend that subject matter in fact is lacking, but fail to attach any evidence in support of their argument. Accordingly, the Court will accept AMC's factual allegations as true, while remembering that the burden to establish subject matter jurisdiction rests with the party seeking to invoke the Court's jurisdiction. *United Phosphorous*, 322 F.3d at 946.

Defendants argue that because AMC has appended Vero's copyright to its Complaint that AMC is attempting to enforce someone else's copyright and thus subject matter jurisdiction is absent. Of course, this is an argument that should be presented under Fed. R. Civ. P. 12(b)(6) and not Rule 12(b)(1), for whether AMC owns a valid copyright is an element of the claim. If they cannot demonstrate they own a valid copyright, they cannot state a claim, but the fact that they cannot state a claim does not magically transform a claim regarding a federal question into a state common law claim. The underlying dispute is still one about copyright infringement, which arises under federal law. Otherwise, all 12(b)(6) motions would be 12(b)(1) motions. Defendants are correct that 17 U.S.C. § 501(b) allows only the legal or beneficial owners of an exclusive right to bring an action for infringement. But that argument misrepresents AMC's claims — particularly, that it owns the copyright to the software because Guidici contracted with it to reverse-engineer its software and that the contract assigned all copyrights in that work to AMC. In its response to Defendants' motion, AMC appends the contract between itself and Guidici to support its argument that it is the rightful owner of the copyright.

AMC's claim runs into another roadblock, as Defendants point out, correctly, that courts lack jurisdiction over trademark claims that are entirely derivative of contract issues. *Int'l Armor & Limousine Co. v. Maloney Coachbuilders, Inc.*, 272 F.3d 912, 915-16 (7th Cir. 2001). In *Int'l Armor*, the Seventh Circuit explained that "artful pleading" could not transform an ordinary contract dispute into a Lanham Act claim. *Id.* at 915-16. The court posed the query: "if A sells a patent to B, and then A practices the invention without B's consent, a suit alleging patent infringement may conceal a dispositive contract issue . . . [i]f the outcome of a suit nominally under federal law depends entirely on the state law of contracts, does the dispute come within the federal-question jurisdiction of 28 U.S.C. § 1331?" *Id.* at 914.

At first blush, it would seem the inquiry of *Int'l Armor* to be applicable here. The dispute of whether AMC or Vero owns the copyright to the disputed software program is one that arises wholly under the law of contract. Thus, if AMC's sole claim was that Vero's registration or use of the copyright constituted a breach of contract, the suit would fall squarely within the holding of *Int'l Armor*. AMC's claims, however, are not so narrow.

Here, AMC alleges Guidici (Party A) contracted to assign a copyright to AMC (Party B) and subsequently then licensed the use of the copyrighted product to another party (Opus, Andrea, and Labud- (Party C)). AMC has no contractual relationship with Opus, Andrea or Labud, and thus no remedy under contract against them. AMC alleges that Guidici, Andrea, and Labud (together with their corporations Vero and Opus) conspired to create a new company to compete with AMC and utilize the software that AMC hired Guidici to create. It further alleges that Opus, Andrea, and Labud knew that Vero and Guidici was not the rightful owner of the copyright to the software, yet they continued to use the software. (Compl. at ¶ 62-63, 70).

After discussing artful pleading, *Int'l Armor* observed that "a claim might arise under federal law even though all dispositive issues depend on state law if the remedies differ." *Id.* at 916. Then the "breach of contract under state law would set up a genuine, distinctive federal claim." *Id.* at 917. Here, AMC's claims that Guidici induced or conspired with other parties to infringe upon the copyright provides a distinct federal claim, even though it necessarily turns upon a resolution of the underlying contractual issue. That is enough to grant the Court subject matter jurisdiction and the Court therefore DENIES Defendants' 12(b)(1) Motion to Dismiss.

Defendants Andrea, Labud, and Opus also move to dismiss based on Fed. R. Civ. P. 12(b)(6). Their argument merits little attention. The Defendants argue that AMC "must still allege facts that satisfy each element required for recovery under some actionable legal theory," citing several cases from the First Circuit. This is not the standard in this circuit, as Defendants should well know. *Airborne Beepers and Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 663, 667-68 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombley*, — U.S. —, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) & *Erickson v. Pardus*, — U.S. —, 127 S.Ct. 2197, 167 L.Ed. 2d 1081 (2007)); *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 924 (7th Cir. 2007) (collecting cases); *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). The Court DENIES Defendants' 12(b)(6) Motion as well.